1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10
11
12

GILLIAN WALKER, an individual, on behalf of herself and all others similarly situated, all aggrieved employees, and on behalf of the general public,

Civil No.    12-cv-0004-WQH (DHB)

13

Plaintiff,

**ORDER GRANTING JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

14

v.

15

COREPOWER YOGA LLC, and DOES 1 through 15, inclusive

**[ECF No. 15]**

16

Defendants.

17        On May 29, 2012, Plaintiff Gillian Walker and Defendant CorePower Yoga LLC (referred to

18   individually as a "Party" or collectively as the "Parties") filed a Joint Motion for Entry of Stipulated

19   Protective Order Regarding Confidential Information.  (ECF No. 15.)  Good cause appearing, the

20   Parties' request that a Protective Order[1] be entered in the above-entitled matter is hereby **GRANTED**

21   and **IT IS HEREBY ORDERED**:

22                        <u>**PROTECTIVE ORDER**</u>

23        The Parties recognize that, during the course of discovery and other proceedings in this action,

24   it may become necessary for them to disclose certain confidential and proprietary information to the

25   other party, including confidential or private information of third parties.  All Parties wish to ensure that

26   any such confidential and proprietary information shall not be used for any purpose other than this

27   action, not be made public, or otherwise be disclosed or disseminated beyond the extent necessary for

28

[1]The Parties' proposed Protective Order is adopted with certain modifications.

purposes of this action.

Accordingly, the Parties stipulate to and this Court orders the following procedures for protecting confidential and proprietary information:

**A.**     **Definitions**

1.     For purposes of this Protective Order, CONFIDENTIAL INFORMATION means any Document (as defined below) and transcripts of oral testimony or recorded statements, or any portion thereof, which is designated by any Party as confidential because it contains confidential information, trade secrets or other confidential research, development, or commercial information as those terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, or contains personal, private, and confidential information of individuals.  By way of example, and not limitation, CONFIDENTIAL INFORMATION may be included in Documents, portions of Documents, electronic files, transcripts, answers to interrogatories, briefs, summaries, notes, abstracts, motions, drawings and any instrument, which comprises, embodies or summarizes matter that any Party considers confidential and desires not to be made public.

2.     The term "Document(s)" shall mean and include, but not be limited to: (a) any electronically stored information, data, documents, files, programs, emails, and other electronic communications, regardless of format; (b) printed matter and other writings, including letters, correspondence, memoranda, bulletins, circulars, catalogs, publications, interoffice and/or intra-corporate communications, minutes, telegrams, statements, cancelled checks, emails, contracts, invoices, drafts, maps, charts, specifications, guidelines, manuals, books of accounts, work sheets, notes of conversations, desk diaries, appointment books, expense accounts; sketches, drawings, notes, blueprints, disclosures, data, reports, work assignments, instructions, and compilations from which information can be obtained and translated; and (c) other tangible things, including, photographs, motion pictures, videotapes, and models.

**B.**     **Designation of Information**

3.     If any Party intends to produce Documents, provide discovery responses or testimony that the producing Party deems to contain or include CONFIDENTIAL INFORMATION and wishes such Document, discovery responses, or testimony to be subject to this Protective Order, the producing Party

shall designate confidentiality by marking the Documents, testimony, or discovery responses "CONFIDENTIAL" at the time it is provided to the receiving Party.  Any copy made of such Documents or other materials shall also bear on its face the legend "CONFIDENTIAL."  Such designation shall be made only upon the designating Party's good faith and well founded belief that the material constitutes CONFIDENTIAL INFORMATION as defined above.

4.      Any Party may also designate particularly sensitive Documents and other information as "CONFIDENTIAL FOR ATTORNEYS' EYES ONLY" by so marking or designating it in good faith. All Documents or information designated "CONFIDENTIAL FOR ATTORNEYS' EYES ONLY" are included within the meaning of "CONFIDENTIAL INFORMATION" as used in this Protective Order and, except as otherwise provided herein, all provisions set forth in this Protective Order applicable to "CONFIDENTIAL INFORMATION" also apply to Documents or information designated "CONFIDENTIAL FOR ATTORNEYS' EYES ONLY," except that "CONFIDENTIAL FOR ATTORNEYS' EYES ONLY" Documents and information shall not be shown, disclosed, or communicated by the receiving Party in any way to anyone other than those persons described in paragraphs 9(i) herein.  Such designation shall be made only upon the designating Party's good faith and well founded belief that the information constitutes highly sensitive financial information, trade secrets or other highly confidential proprietary or personal information.

5.      It is contemplated that one or more of the Parties may make certain Documents available for review and inspection by the opposing Party, and that such Documents may contain confidential as well as non-confidential material, and that following such inspection the inspecting Party will request Documents to be copied and furnished to the inspecting Party.  All Documents and their contents made available for such inspection in this manner shall be treated as containing CONFIDENTIAL INFORMATION until the producing Party has had the opportunity to designate and mark selected Documents as CONFIDENTIAL or CONFIDENTIAL FOR ATTORNEYS' EYES ONLY according to paragraphs 3 and 4 hereof.

6.      If, during the course of discovery in this action, the Parties hereto, or their representatives, are authorized to inspect another Party's facilities, processes, or products, any Documents or things generated as a consequence of any such inspection by the inspecting Party, subject to the other

provisions of this Protective Order, shall be deemed to comprise or to be CONFIDENTIAL or CONFIDENTIAL FOR ATTORNEYS' EYES ONLY as designated by the Party whose facilities, processes, or products are being inspected, and shall be treated as such.

7.      Whenever a deposition taken on behalf of any Party hereto involves a disclosure of CONFIDENTIAL INFORMATION of another Party, the following procedure shall be implemented:

(a)     During the deposition, counsel for the Party whose CONFIDENTIAL INFORMATION is subject to disclosure may state that the testimony is CONFIDENTIAL or CONFIDENTIAL FOR ATTORNEYS' EYES ONLY and advise all persons present that the information is subject to this Protective Order.  Only those persons authorized to receive disclosures of such CONFIDENTIAL INFORMATION as provided in paragraphs 4, 9, and 10 hereof shall be permitted to listen to or read testimony so designated.

(b)     If a designation of CONFIDENTIAL INFORMATION is not made during a deposition, a Party may designate the deposition or parts thereof as CONFIDENTIAL or CONFIDENTIAL FOR ATTORNEYS' EYES ONLY by written notice to the other Party and the court reporter within 30 days of the mailing of the official transcript of this deposition.  All persons with copies of the deposition transcript shall then mark their copies with the above legend.  If a Party or its counsel discloses any deposition transcripts that are subsequently designated as CONFIDENTIAL or CONFIDENTIAL FOR ATTORNEYS' EYES ONLY in accordance with this provision, then such Party and counsel shall make all reasonable and good faith efforts to recover the disclosed CONFIDENTIAL INFORMATION and protect it under the terms of this Protective Order.

**C.      Filing Documents Under Seal**

8.      No Document shall be filed under seal unless counsel secures a court order allowing the filing of a Document under seal.  An application to file a Document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the Document, if different from opposing counsel.  If opposing counsel, or the person or entity who has custody and control of the

Document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed. The Parties shall follow and abide by applicable law, including Civ. L.R. 79.2, Electronic Case Filing Administrative Policies and Procedures Manual, Section II.j, and the chambers' rules, with respect to filing Documents under seal.

9.      In the event that any Party wishes to include matters that are CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY in any Document, including any pleading, motion, deposition transcript, or other paper filed with this Court, such Party shall take all necessary steps, pursuant to the rules and procedures of this Court, to request and obtain an order allowing such Document containing CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY to be filed under seal or to otherwise restrict access to such Document.

**D.      Use of CONFIDENTIAL INFORMATION**

10.      All material produced by any Party pursuant to pretrial discovery in this action that is designated by the producing Party as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY, including any summaries, abstracts or other Documents derived in whole or in part from such Documents, shall be maintained in confidence according to the terms of this Protective Order by the receiving Party and used solely in the preparation, prosecution, settlement, or trial of this action. Subject to the provisions of paragraphs 9 and 10 hereof, CONFIDENTIAL INFORMATION shall only be disclosed by the receiving Party to:

(a)      the Party who designated the Document or materials as CONFIDENTIAL;

(b)      a current employee or other representative of a Party who designated the Document or materials as CONFIDENTIAL and who is authorized by such designating Party to receive the CONFIDENTIAL INFORMATION;

(c)      a person or non-Party entity that authored or received the item prior to its production in this litigation;

(d)      outside or in-house counsel of record for either Party (including stenographic, clerical and paralegal employees of outside counsel) and outside companies engaged by them such as independent copying companies, temporary services, professional photographers

1          and/or photographic studios;

2    (e)   the Court and its officers;

3    (f)   outside independent experts and consultants, subject to the provisions of paragraph 10

4          of this Protective Order;

5    (g)   court reporters used during the course of this litigation;

6    (h)   employees of the receiving Party only on a need to know basis; and

7    (i)   Documents and materials designated as CONFIDENTIAL FOR ATTORNEYS' EYES

8          ONLY shall be disclosed only to those persons designated in subparagraph (a), (b), (d),

9          (e), and (g) above.

10   **E.    Right to Object to Designation**

11       11.    The receipt of any Document or other materials designated as CONFIDENTIAL or

12   CONFIDENTIAL ATTORNEYS' EYES ONLY by a Party shall not be construed as an agreement by

13   any other Party that any such Document or other materials are in fact confidential, and shall not operate

14   as a waiver of any Party's right to challenge any such designation as provided herein.

15       12.    The Parties shall act in good faith in designating information and materials as

16   CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY.  A Party may object to the

17   designation of particular CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY

18   information by giving written notice to the Party designating the disputed information within thirty (30)

19   days of the receiving Party's receipt of the disputed information.  Any objection to the designation shall

20   be reasonable and in good faith, and the written notice shall identify with reasonable particularity the

21   information to which the objection is made.  If the Parties cannot resolve the objection within ten (10)

22   business days after the time the notice is received, it shall be the obligation of the Party designating the

23   information as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY to file an

24   appropriate motion requesting that the Court determine whether the disputed information should be

25   subject to the terms of this Protective Order.  If such a motion is filed within thirty (30) days after the

26   Parties were unable to resolve the designation dispute, the disputed information shall be treated as

27   CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY under the terms of this Protective

28   Order until the Court rules on the motion.  If the designating Party fails to file such a motion within the

prescribed time, the disputed information shall lose its designation as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY and shall not thereafter be treated as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY in accordance with this Protective Order.  In connection with a motion filed under this provision, the Party designating the information as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY.

13.    If a Party lists a Document subject to this Protective Order on any trial exhibit list or in a pretrial order, a Party seeking to maintain the protections of this Protective Order must within thirty (30) days thereof file an appropriate pleading with the Court in support of further protection should such Party require such for trial on the merits.

14.    No Party shall be obligated to challenge the propriety or correctness of the designation of information as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY and a failure to do so shall not preclude a subsequent challenge to such status.  The burden of proof with respect to the propriety or correctness in the designation of information as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY shall rest on the designating Party.

**F.    Information Inadvertently Disclosed**

15.    If a producing Party inadvertently discloses to a receiving Party any Document or other materials containing information that the producing Party deems confidential without designating it as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY, the producing Party shall upon discovery of such inadvertent disclosure promptly inform the receiving Party in writing that the Document should be marked as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY and the receiving Party shall thereafter treat the Document and other materials as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY under this Protective Order.  Notice given within, at least, thirty (30) days after discovery of the inadvertent disclosure shall be considered prompt notice. To the extent such Document or other materials may have been disclosed to persons other than authorized persons described in this Protective Order, the receiving Party shall make every reasonable effort to retrieve the Document or other materials promptly from such persons and to limit any further

1  disclosure to unauthorized persons.

2  **G.     Privileged Materials**

3      16.     Nothing in this Protective Order shall be construed to require the disclosure of material

4  that is protected from disclosure by the attorney-client privilege or the attorney work product doctrine

5  and shall not operate as a waiver of any Party's obligation to prove and/or support any such designation

6  as provided herein.

7      17.     If a producing Party inadvertently discloses to a receiving Party information that is

8  privileged or otherwise immune from discovery, said producing Party shall so advise the receiving Party

9  within ten (10) days of discovery of such disclosure in writing and request that the item or items of

10  information be returned, and no Party to this action shall thereafter assert that such inadvertent disclosure

11  waived any privilege or immunity.   It is further agreed that the receiving Party will return such

12  inadvertently produced item or items of information and all copies thereof within ten (10) days of

13  receiving a written request for the return of such item or items of information.  The Party having returned

14  such inadvertently produced item or items of information may thereafter, without asserting waiver

15  because of inadvertent production, seek production of any such Documents in accordance with the

16  Federal Rules of Civil Procedure.

17  **H.     Termination of Litigation or Settlement**

18      18.     Within ninety (90) days of the conclusion or final settlement of this litigation and any

19  appeal thereof, all persons subject to the terms hereof shall destroy or assemble and return to the Party

20  who produced the Documents or other materials designated as CONFIDENTIAL or CONFIDENTIAL

21  ATTORNEYS' EYES ONLY, all such Documents and other materials including depositions and

22  deposition exhibits, and shall destroy any outlines, summaries, abstracts, compilations, memoranda,

23  Documents and the like, which constitute, embody, contain, or disclose the contents of any

24  CONFIDENTIAL INFORMATION; except that counsel for the Parties may retain one archival copy

25  of materials that they believe are required to satisfy their ethical obligations to retain client- or

26  case-related materials, including, one copy of court filings, deposition and trial transcripts (including one

27  copy of exhibits thereto), attorney notes and other work product, provided all such retained materials

28  remain subject to this Protective Order.

**I.**      <u>Additional Protection of CONFIDENTIAL INFORMATION</u>

        19.      Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of Documents or other discovery material, or relief from this Protective Order with respect to particular material designated hereunder.

**J.**      <u>Obligations of Parties</u>

        20.      Each of the Parties and their counsel of record undertakes to abide by and be bound by the provisions of this Protective Order and to use due care to see that its provisions are known and adhered to by those under its supervision or control.

        21.      Nothing in this Protective Order shall bar counsel from rendering advice to their client with respect to this litigation and, in the course thereof, relying upon any Documents, things, or information designated CONFIDENTIAL, provided that such rendering of advice or opinions shall not unnecessarily reveal the content of such information except pursuant to this agreement or other prior written agreement with opposing counsel.

**K.**      <u>Modifications of Protective Order by Court</u>

        22.      The Court may modify the terms and conditions of this Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

        **IT IS SO ORDERED.**

DATED:  June 1, 2012

                             DAVID H. BARTICK
                             United States Magistrate Judge